IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-03278-CNS-STV

GEORGE D. WASHINGTON,

     Plaintiff,

v.

NATHAN BENNION,
ASHLEY ALBURY,
CATHY MCCOY,
JODI LANDFAIR,
JOHN OR JANE DOES OF CORRECTIONAL HEALTH PARTNERS ET AL, and
JOHN OR JANE DOE OF COLORADO DEPARTMENT OF CORRECTIONS PHARMACY
ET AL,

     Defendants.

---

ORDER

---

Before the Court is its January 26, 2023, Show Cause Order (ECF No. 59). In its Order, the Court ordered Plaintiff George D. Washington to show cause as to why his claims against Defendants Bennion, Albury, and Landfair should not be dismissed with prejudice (*Id.* at 2). The Court also ordered Mr. Washington to show cause as to why his claims against Defendant McCoy and the Doe Defendants should not be dismissed with prejudice (*Id.*) For the reasons discussed below, Mr. Washington's claims are dismissed with prejudice.

## I. SUMMARY OF ORDER FOR *PRO SE* PLAINTIFF GEORGE D. WASHINGTON

You started this lawsuit in December 2021. By April 2022, you had filed your third amended complaint. Three Defendants who you named in this lawsuit—Nathan Bennion, Ashley Albury, and Jodi Landfair—filed a motion to dismiss your third amended complaint in July 2022. The United States Magistrate Judge recommended that the Court should grant their motion to dismiss your claims. However, the Magistrate Judge recommended dismissing your claims without prejudice, meaning that the Court should dismiss your claims without permanently closing your claims.

The Court adopted that recommendation. When the Court adopted the Magistrate Judge's recommendation, it gave you an opportunity to file a fourth amended complaint. However, the Court said that if you did not file your fourth amended complaint that the Court would dismiss your claims against Nathan Bennion, Ashley Albury, and Jodi Landfair with prejudice, meaning that it would permanently close your claims against them in this lawsuit.

By January 2023, you had not filed your fourth amended complaint. So the Court asked you to explain to the Court why it should not dismiss your claims against Nathan Bennion, Ashley Albury, and Jodi Landfair. It also asked you to explain why you had not served Cathy McCoy, or other unnamed Defendants that you wanted to sue, in order to make them appear in your lawsuit. The Court said that if you did not explain why you had not served these Defendants that it would also dismiss your claims against them with prejudice, meaning that it would permanently close your claims against them in this lawsuit.

Today is February 17, 2023. You have not responded to the Court's January 26, 2023, Order. Therefore, the Court DISMISSES your claims WITH PREJUDICE. The Court explains

why it is dismissing them with prejudice further below. It also discusses the legal authority that supports its conclusion.

## II. ANALYSIS

Engaging in sua sponte review of its January 26, 2023, Order, the Court DISMISSES WITH PREJUDICE Mr. Washington's claims. He was given until February 9, 2023, to respond to the Court's Order. To date, he has not done so. Given that it is February 17, 2023, he has had ample time to respond to the Court's Order. Although the Court has afforded Mr. Washington this additional time to respond to its January 26, 2023, Order, it made clear that it would not give Mr. Washington any more opportunities or extensions to show cause why dismissal of his claims with prejudice was unwarranted (*Id.*). Given that Mr. Washington has not responded to the Court's Show Cause Order, and consistent with that Order, the Court DISMISSES WITH PREJUDICE his claims against all Defendants. *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for . . . failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a [judge] may enter an order of dismissal with . . . prejudice.")

Because the Court is dismissing Mr. Washington's claims with prejudice, it must consider certain factors. *See, e.g., Mobley v. McCormick,* 40 F.3d 337, 340–41 (10th Cir. 1994) (setting forth factors courts must consider when dismissing action with prejudice). Another court in this District was confronted with a nearly identical set of facts, and concluded that dismissal with prejudice of a pro se plaintiff's claims was warranted after applying those factors, the Federal Rules of Civil Procedure, and the Local Rules of this District. *See Allen v. United Properties & Const., Inc*., No. 07-CV-00214-LTB-CBS, 2008 WL 4748511 (D. Colo. Oct. 28, 2008). Given

*Allen*'s substantially similar factual background, the Court finds its analysis of the relevant legal factors persuasive and applies them to its own analysis of Mr. Washington's case. As in *Allen*, there is no actual prejudice to the Defendants; this case has resulted in substantial expenditure of judicial resources; the case file demonstrates that Mr. Washington is responsible for his own failure to prosecute, show cause, and serve the remaining Defendants; the Court has provided ample warning to Mr. Washington regarding his failure to comply with this Court's Orders, the Rules of Civil Procedure, and the Local Rules; and as explained in *Allen*, there is no lesser sanction under the circumstances. *Allen*, 2008 WL 4748511, at *4. Therefore, for the reasons set forth in *Allen*, the relevant legal standard for dismissing Mr. Washington's claims with prejudice is satisfied. *See id.; see also Mobley,* 40 F.3d at 340–41 (setting forth factors for dismissal with prejudice that *Allen* analyzed and concluded supported dismissal with prejudice).

### III. CONCLUSION

Consistent with the above analysis, Mr. Washington's claims are DISMISSED WITH PREJUDICE.

DATED this 17th day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge